UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN FLOYD                                          CIVIL ACTION

VERSUS                                              NO: 11-2819

BURL CAIN, WARDEN                                   SECTION: R

## **ORDER & REASONS**

John Floyd filed this petition for a writ of *habeas* corpus pursuant to 28 U.S.C. § 2254. The Court has reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and petitioner's objection. The Magistrate Judge's recommended ruling is correct; petitioner's federal application is untimely and his objections are without merit. The Court also agrees with the Magistrate Judge's ruling that the matter could be disposed of without an evidentiary hearing. Accordingly, the Court approves the Report and adopts it as its opinion.

Some of petitioner's objections warrant further discussion.

### **A. Equitable Tolling**

Floyd's first set of objections pertain to the Magistrate's decision that petitioner's intellectual disability does not provide a basis for equitable tolling. Some courts have held that an intellectual disability may warrant equitable tolling, *see*

*e.g.*, *Hunter v. Ferrell*, 587 F.3d 1304 (11th Cir. 2009); *Bridgewater v. Roe*, 100 Fed. App'x 633 (9th Cir. 2004), and the Fifth Circuit has hinted that it would consider equitably tolling of the limitations period because of a petitioner's intellectual disability. *Rivera v. Quarterman*, 505 F.3d 349, 355 (5th Cir. 2007) ("The bases for equitable tolling that prompt us to remand—in particular the relationship between Rivera's retardation and his ability to pursue habeas relief—are made the more compelling precisely because Rivera has been adjudicated to be retarded. That is, answering whether Rivera is retarded is logically antecedent—if not a core element itself—to determining whether equitable tolling is available").

The Magistrate Judge, assuming that intellectual disability is a valid basis for equitable tolling, properly found that equitable tolling was not warranted in Floyd's case because his disability did not prevent him from seeking relief in a timely manner. *See Robinson v. Johnson*, NO. 99-40291, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) ("Robinson was clearly not prevented by his mental state from seeking state post-conviction remedies."). Petitioner disagrees with the Magistrate's reasoning that because petitioner was able to write hundreds of letters requesting help with his conviction, including five hundred to the Innocence Project, and had access to resources such as inmate

2

counsel and others, his mental disability did not prevent him from timely completing the petition. The Magistrate's conclusion, however, is supported by the record and the law. The Magistrate's relied on evidence in the record to support the conclusion that Floyd could have timely filed his petition. *See LeTourneau v. Hickman*, 116 Fed. App'x 70, 71 (9th Cir. 2004) ("While the Miller letter suggests that LeTourneau's mental handicaps made it more difficult for him to file a timely petition, the letter does not suggest that the handicaps made it impossible for him to do so.").

Petitioner's next set of objections relating to Floyd's claim of actual innocence and its impact on equitable tolling were fully addressed by the Magistrate Judge. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (holding that a claim of actual innocence does not justify equitable tolling). While dicta in *Felder v. Johnson* does suggest that a "showing" of actual innocence could be relevant to equitable tolling, no showing has been made on this record. *Felder v. Johnson*, 204 F.3d 168, 171 n.8 (5th Cir. 2001).

Finally, petitioner contends that the cumulative effect of all of his objections should be considered when deciding equitable tolling. The magistrate did make a determination on equitable tolling considering the specific facts of petitioner's

case. Even assuming that the cumulative effect of petitioner's arguments for equitable tolling could be considered, because the magistrate considered them meritless, their cumulative effect would not warrant equitable tolling.

**B. 28 U.S.C. § 2244(d)(1)(B)**

Petitioner next argues that Subsection B applies because state action which violate the Constitution or laws of the United States prevented him from filing a timely petition. The Magistrate Judge determined that even if a *Brady* violation could trigger this subsection, Floyd had access to the allegedly suppressed materials in 1991 and could have timely filed his petition.

Floyd's next argument that the State's failure to provide him with assistance to the courts triggers Subsection B because of his intellectual disability. Petitioner does not provide any authority supporting this position, and as discussed above, courts addressing a petitioner's intellectual disability do so in the context of equitable tolling and not Subsection B.

Accordingly, he was not prevented from filing his petition on time.

4

**C. Subsection D**

    **1. Fingerprint Comparison Evidence**

Petitioner's objections pertaining the failure of the State to disclose the fingerprint comparison evidence are meritless. The Magistrate concluded that petitioner had notice of this evidence and access to this evidence in ample time for him to file a timely petition.

    **2. Evidence of the Victim's "Taste" in Sexual Partners**

Petitioner's next set of objections relate to the disclosure of an affidavit by John Clegg that allegedly contradicted a detective's testimony about the victim's sexual history. However, the Magistrate Judge correctly concluded that the new evidence does not qualify as *Brady* material because it does not have impeachment or exculpatory value. It is not necessarily inconsistent with the testimony of the detective, and its value is extremely negligible as Clegg's knowledge of the victim's sexual history was, as evidenced by his own statements, very limited. The evidence was also not *Brady* material because it was readily available to the Floyd. Finally, even assuming this evidence was *Brady*, Floyd was on notice about the detective's report and Clegg's role in the 1990s. An exercise of due diligence could have lead Floyd to discover this material and enabled him to file a timely petition.

### 3. DNA Test Results/Psychological Examination Results

Petitioner's next argues that a claim of actual innocence is a constitutional violation that can support habeas relief and therefore new evidence supporting innocence can invoke Subsection D. As the Magistrate notes, this argument is precluded by precedent. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent violation occurring in the underlaying state criminal proceeding."); *Foster v. Thaler*, 369 Fed. App'x 598, 601 n.3 (5th Cir. 2010).

### 4. Information on the Destruction of Evidence

Petitioner's claim that the destruction of evidence after trial could invoke Subsection D fails because habeas proceedings do not remedy alleged Constitutional violations that occur after the conviction. *See Morris v. Cain*, 186 F.3d 581, 585 n.6 (5 th Cir. 1999) ("[W]e must find constitutional error at the trial or direct review level in order to issue the writ."). In addition, relief under *Arizona v. Youngblood*, 488 U.S. 51 (1988), is a trial right and not a post conviction right. *Ferguson v. Roper*, 400 F.3d 635, 638 (8th Cir. 2005) ("*Youngblood* state the applicable constitutional principle when potentially useful evidence is lost or destroyed *before trial*.").

6

**D. Denial Of Evidentiary Hearing was Appropriate**

Finally, because an evidentiary hearing "would likely reveal nothing more than the record presently indicates and would waste judicial time and resources," the Magistrate was correct in declining to hold an evidentiary hearing. *Coker v. Quarterman*, 270 Fed. App'x 305, 310 (5th Cir. 2008) (declining to remand a case to hold an evidentiary hearing on equitable tolling).

**E. Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that 28 U.S.C. § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different matter or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Floyd has not made a substantial showing of the denial of a constitutional right. Further, the issues would not engender debate among reasonable jurists.

Accordingly, IT IS ORDERED that John D. Floyd's petition is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 11th day of December, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE