UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN D. FLOYD                                         CIVIL ACTION

VERSUS                                                NO. 11-2819

DARREL VANNOY, WARDEN                                 SECTION "R" (3)

# ORDER AND REASONS

Before the Court are respondent's motion to stay the Court's May 8, 2017 Judgment and Order,[1] and petitioner John D. Floyd's motion for release pending appeal pursuant to Rule 23(c) of the Federal Rules of Appellate Procedure.[2] For the following reasons, the Court grants both motions.

## I. BACKGROUND

The Court has already provided a full procedural and factual background to this case.[3] For the purposes of these motions, it is sufficient to recall that Floyd was convicted of second-degree murder in Louisiana state court in 1982. *See State v. Floyd*, 435 So. 2d 992, 992 (La. 1983). Floyd filed an application for habeas corpus relief in state court on March 2, 2006,

---

[1] R. Doc. 112.
[2] R. Doc. 114.
[3] R. Doc. 78; R. Doc. 109.

twenty-three years after the Louisiana Supreme Court finalized his conviction.[4] The Criminal District Court for the Parish of Orleans denied Floyd's petition from the bench.[5] Without assigning additional reasons, the Louisiana Supreme Court denied Floyd's writ application. *Floyd v. Cain*, 62 So. 3d 57 (La. 2011).

At the conclusion of his post-conviction proceedings in state court, Floyd petitioned this Court for habeas corpus relief under 28 U.S.C. § 2254.[6] To overcome the untimeliness of his petition, Floyd argued that he was actually innocent of the murder of William Hines, and therefore his untimely petition could proceed under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *See id.* at 1928 ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.").

On September 14, 2016, this Court—considering both old and new evidence—found that Floyd had preponderantly established that no reasonable juror would find him guilty beyond a reasonable doubt of the murder of William Hines.[7] *Floyd v. Cain*, No. 11-2819, 2016 WL 4799093,

---

[4] R. Doc. 1 at 16.
[5] Floyd Ex. 47 at 181.
[6] R. Doc. 1.
[7] For a summary of the Court's reasoning, *see* R. Doc. 109 at 5-6.

at *2-3 (E.D. La. Sept. 14, 2016). Because the Court found that Floyd met the standard necessary to overcome the untimeliness of his habeas petition, the Court remanded his petition to the Magistrate Judge for an evaluation on the merits. *Id.* at 3.

Floyd's original habeas petition asserted three bases for relief: (1) the State suppressed material, favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the State destroyed evidence in violation of *Arizona v. Youngblood*, 488 U.S. 51 (1988); and (3) Floyd is entitled to habeas relief because he is actually innocent. In his Report and Recommendation, the Magistrate Judge recommended that Floyd's *Brady* claim be granted.[8] On May 8, 2017, the Court rejected the State's objections to the Magistrate Judge's Report and Recommendation and adopted the Recommendation as its opinion.[9] *Floyd v. Vannoy,* No. 11-2819, 2017 WL 1837676, at *1 (E.D. La. May 8, 2017). Accordingly, the Court granted Floyd's petition for habeas corpus relief and ordered the State of Louisiana to either retry Floyd or release him within 120 days of the Court's order. *Id.* at *16.

---

[8] R. Doc. 81.
[9] The Court also found that John Rue Clegg's affidavit, which the Magistrate Judge did not consider, was additional *Brady* material. *Floyd v. Vannoy*, 2017 WL 1837676, at *5.

On May 18, 2017, respondent Warden Vannoy, through the Orleans Parish District Attorney ("the State"), filed a notice of appeal of the Court's May 8 Order and Judgment.[10] Five days later, the State filed a motion to stay the Court's May 8 Order and Judgment pending the resolution of Vannoy's appeal.[11] On the same day, Floyd filed a motion to be released on his own recognizance while the State's appeal is pending under Federal Rule of Appellate Procedure 23(c).[12]

The State initially opposed Floyd's motion for release, and Floyd opposed the State's motion for a stay pending appeal. On June 9, 2017, the State and Floyd notified the Court that they had reached an agreement.[13] More specifically, the State no longer opposes Floyd's release, provided that Floyd agrees to abide by certain conditions of supervision. In exchange, Floyd no longer opposes the State's motion to stay the Court's judgment pending appeal.[14] Thus, the parties agree that the Court's May 8 Order should be stayed pending the State's appeal, and that Floyd should be conditionally released on a personal recognizance bond while the State's appeal is pending.

---

[10] R. Doc. 111.
[11] R. Doc. 112.
[12] R. Doc. 114.
[13] R. Doc. 124.
[14] *Id.* at 1-2.

## II. DISCUSSION

Federal Rule of Appellate Procedure 23 establishes that "[w]hile a decision ordering the release of a prisoner [in a habeas corpus proceeding] is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety." As the Supreme Court has recognized, "Rule 23(c) undoubtedly creates a presumption of release from custody" in cases, such as here, where a federal court has granted a state prisoner habeas relief and ordered the state to either retry or release the petitioner. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).[15] But Rule 23 acknowledges that this presumption may be overcome, *id.*, and the Court in *Hilton* instructed reviewing courts to follow the "general standards for staying a civil judgment." *Id.* at 775 (citations omitted). Accordingly, the relevant factors in considering both Floyd's and respondent's motions are the same. *See, e.g.*, *U.S. ex rel. Newman v. Rednour*, 917 F. Supp. 2d 765, 787 (N.D. Ill. 2012) ("Consideration of whether to grant a stay and whether to grant a successful

---

[15] The petitioner in *Hilton* was a New Jersey state prisoner, and the United States District Court for the District of New Jersey ordered the state to either retry the petitioner within 30 days or the court would order his release. 481 U.S. at 773 (quoting *Braunskill v. Hilton*, 629 F. Supp. 511, 526 (D.N.J. 1986).

5

habeas petitioner's motion for release on bond are both controlled by Federal Rule of Appellate Procedure 23(c) as well as the U.S. Supreme Court's decision in *Hilton*."); *Pouncy v. Palmer*, 168 F. Supp. 3d 954, 958 (E.D. Mich. 2016) (noting that petitioner's motion for release and State's motion to stay are governed by same standards); *Dassey v. Dittmann*, No. 14-1310, 2016 WL 6684214, at *2 (E.D. Wis. Nov. 14, 2016). These factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton*, 481 U.S. at 776 (citations omitted). *Hilton* also added that in reviewing these factors, courts should consider the possibility that the petitioner is a flight risk, the potential danger to the public if the petitioner is released, and the State's "interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* at 777.

The parties' agreed upon outcome is consistent with the result reached by a number of federal courts in litigated cases addressing simultaneous motions to stay pending appeal and a successful habeas petitioner's motion for release pending appeal. *See, e.g.*, *Pouncy*, 168 F. Supp. 3d at 969-71 (granting stay and motion for release); *Dassey*, 2016 WL 6684214, at *2; *Smith v. Berghuis*, No. 03-87, 2009 WL 1309507, at *2 (W.D. Mich. May 11,

6

2009) ("[A] number of courts have recognized that . . . a stay does not preclude a release on bond.") (collecting cases); *Woodfox v. Cain*, No. 06-789, 2008 WL 5095995, at *4 (M.D. La. Nov.25, 2008) (granting motion for release pending appeal and granting motion for stay); *Smith v. Jones*, No. 05-72971, 2007 WL 3408552, at *4 (E.D.Mich. Nov.15, 2007) (same); *Grube v. Blades*, No. 01-357, 2006 WL 516753, at *1 (D. Idaho Feb.28, 2006) ("The Court has the option of releasing the prisoner but staying the retrial provision of the Order pending appeal.").

Additionally, the agreed upon outcome satisfies the concerns underlying the *Hilton* factors. A stay of the Court's May 8 Order preserves the State's interest in conserving the resources necessary to retry Floyd within 120 days, as well as the ability to vindicate its interests effectively on appeal. *See Pouncy v. Palmer*, 168 F. Supp. 3d at 970 (staying order requiring State to retry petitioner in part to allow State to conserve "substantial resources."); *Woodfox v. Cain*, No. 06-789, 2008 WL 5095995, at *2 (M.D. La. Nov. 25, 2008) (same). And by ordering Floyd's conditional release, Floyd's "always substantial" interest in avoiding unconstitutional detention is secured. *Hilton*, 481 U.S. at 777; *see also Newman*, 917 F. Supp. 2d at 789 ("The injury that Petitioner will suffer by continued detention is undeniably irreparable."); *Dassey*, 2016 WL 6684214, at *4-5.

7

Finally, the public interest is served by the parties' agreed upon resolution. The public has a strong interest in the release of a prisoner that a court has found to be incarcerated in violation of the Constitution. *Newman*, 917 F. Supp. 2d at 789; *Burbank v. Cain*, No. 06-2121, 2007 WL 2809996, at *4 (E.D. La. Sept. 24, 2007). Further, although the public also has an interest in its safety from dangerous criminals, here, Floyd has demonstrated that he is not a danger to the public, nor is he a flight risk. He submitted evidence that reflects that he has been a model prisoner with a nearly perfect disciplinary record.[16] Floyd provided the affidavit of N. Burl Cain, the former warden of Angola State Prison and Floyd's custodian for over twenty years.[17] Cain unequivocally attested to Floyd's trustworthiness, that Floyd is "completely rehabilitated," and expressed full support for Floyd's conditional release.[18] Further, Cain attested that Floyd was one of only seven inmates that Cain trusted enough to bring to New Orleans right after Hurricane Katrina to help rebuild.[19] During this trip, there were no guards, and Floyd could have fled, but instead Floyd "worked very hard to be

---

[16] Floyd's only write-up in the last 20 years was for a non-violent, work-related violation. R. Doc. 114-7 at 1.
[17] R. Doc. 114-6 at 1.
[18] *Id.*
[19] *Id.*

8

of help."[20] Based on this experience, Cain states that Floyd is not a flight risk and will comply with whatever requirements the Court imposes on his release.[21] The Fifth Circuit has previously given great weight to Warden Cain's opinion, *see Woodfox v. Cain*, 789 F.3d 565, 572 (5th Cir. 2015), and the Court finds that Warden Cain's opinion deserves serious consideration.[22] The Court is convinced that Floyd is not a danger to the public and is not a flight risk. Moreover, the conditions to be imposed on Floyd's release will provide an added assurance against any risk to public safety.

For the foregoing reasons, the Court grants the State's motion to stay the Court's May 8 order pending the State's appeal, and grants Floyd's motion for release on a personal recognizance bond. Accordingly, the Court enters the following order.

---

[20] *Id.*
[21] *Id.*
[22] Floyd submitted the letters of others stating their opinion that Floyd is not a flight risk or a danger to the public. R. Doc. 114-12. One such letter is from Catherine Fontenot, the former President of the North American Association of Wardens and Superintendents. Fontenot worked at Angola for 22 years, and she stated that Floyd was a "most trusted inmate" who was "always respectful and offered his help when he felt he could be of assistance." *Id.* at 1.

9

## III. ORDER

Respondent's motion to stay the Court's May 8 Order, and Floyd's motion for release are GRANTED. IT IS FURTHER ORDERED that Floyd be released upon the perfection of his personal recognizance bond with the following conditions: Floyd shall remain within the State of Louisiana absent permission from the Court to leave; Floyd shall reside at the farm property located at 2129 Beau Bassin Road, Carencro, Louisiana, 70520; Floyd shall not be absent from this property for any period of time greater than 18 hours at a time; Floyd shall not possess a firearm, destructive device, or other weapon; upon his release Floyd shall report to the Probation Office in person in the district to which he is released or subsequently transferred at least once per week during business hours; and Floyd shall cooperate with and truthfully answer all inquiries by the Probation Office.

IT IS FURTHER ORDERED THAT, pursuant to 18 U.S.C. § 3603(10), the United States Probation Office for the Eastern District of Louisiana is authorized to supervise Floyd. With the consent of the United States District Court for the Western District of Louisiana, the Probation Office for the Eastern District of Louisiana shall transfer jurisdiction over Floyd's supervision to the Probation Office for the Western District of Louisiana. Once the transfer of jurisdiction is complete, Floyd shall report as ordered

herein to the Probation Office for the Western District of Louisiana. Floyd is authorized to travel to the Eastern District if necessary for the purposes of attending court proceedings in this case.

New Orleans, Louisiana, this __22nd__ day of June, 2017.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE