UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN D. FLOYD                                    CIVIL ACTION

VERSUS                                           NO. 11-2819

DARREL VANNOY, WARDEN                             SECTION "R" (3)

## ORDER AND REASONS

Petitioner John Floyd moves to dissolve the stay of the Court's May 8,
2017 order granting his petition for habeas corpus.[1]  For the following
reasons, the Court denies the motion.


## I.      BACKGROUND

The Court has provided a full procedural and factual history of this case
in its previous orders.[2]  The facts that follow are limited to what is relevant
to the motion before the Court.  In 1982, Floyd was convicted in Louisiana
state court of the second-degree murder of William Hines and sentenced to
life imprisonment.[3]  In 2011, Floyd petitioned the Court for habeas corpus
relief under 28 U.S.C. § 2254.[4]  To overcome the untimeliness of his petition,
Floyd argued that he was actually innocent of the murder of Hines, and

---

[1]     R. Doc. 151.
[2]     *See* R. Doc. 78; R. Doc. 109.
[3]     R. Doc. 78 at 31.
[4]     R. Doc. 1.

therefore his petition could proceed under *McQuiggin v. Perkins*, 569 U.S. 383 (2013).[5]

On September 14, 2016, the Court—considering both old and new evidence—found that Floyd preponderantly established that no reasonable juror would find him guilty beyond a reasonable doubt of the murder of Hines.[6] Floyd therefore satisfied the legal standard to overcome the untimeliness of his petition.[7] The Magistrate Judge later issued a Report and Recommendation recommending that Floyd's habeas petition be granted because the State withheld material, favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the state court's contrary decision was an unreasonable application of clearly established federal law.[8] On May 8, 2017, the Court adopted the Report and Recommendation, granted Floyd's petition for habeas corpus, and ordered the State of Louisiana to either retry Floyd or release him within 120 days.[9] The State filed a notice of appeal.[10]

Following the Court's order granting habeas relief, the State moved for a stay of this order pending appeal, and Floyd moved for release under

---

[5]  R. Doc. 61.
[6]  R. Doc. 78.
[7]  *Id.*
[8]  R. Doc. 81.
[9]  R. Doc. 109.
[10]  R. Doc. 111.

Federal Rule of Appellate Procedure 23(c).[11]  Floyd proposed that he be released on his own recognizance under certain conditions, including that he remain within the State of Louisiana absent the Court's permission to leave, that he live on a specified farm near Lafayette, that he not be absent from this farm for more than 18 hours at a time, and that he report to the U.S. Probation Office in person at least once per week.[12]  Both the State's motion to stay and Floyd's motion for release were initially opposed, but the parties later reached an agreement as to these motions.

On June 9, 2017, the State and Floyd jointly moved the Court to stay its order granting habeas relief and to release Floyd under the conditions set out in his motion for release.[13]  After considering the relevant legal standards, the Court approved the parties' agreed upon outcome because it preserved the State's interest in conserving the resources necessary to retry Floyd, advanced Floyd's interest in avoiding unconstitutional detention, and served the public interest.[14]  The Court thus granted a stay of its May 8, 2017 order pending the State's appeal and further ordered that Floyd be immediately released under specified conditions.[15]

---

[11]     R. Doc. 112; R. Doc. 114.
[12]     R. Doc. 114-1 at 9-11; R. Doc. 114-4.
[13]     R. Doc. 124.
[14]     R. Doc. 130 at 6-9.
[15]     *Id.* at 10-11.

On April 6, 2018, a divided panel of the Fifth Circuit affirmed the Court's judgment granting Floyd's petition for habeas corpus. *See Floyd v. Vannoy*, 887 F.3d 214 (5th Cir. 2018). On April 20, 2018, the State filed a petition for rehearing en banc. The Fifth Circuit requested a response to the petition, and Floyd filed an opposition to rehearing en banc. The petition for rehearing remains pending, and the Fifth Circuit's mandate has not issued. Floyd now moves to dissolve the stay of the Court's May 8, 2017 order requiring that he be released or retried within 120 days.[16]

## II.   DISCUSSION

Floyd argues that the Fifth Circuit's April 6, 2018 judgment satisfied the terms of the Court's order granting a stay pending appeal, and the stay should therefore be dissolved.[17] Floyd asserts that a petition for rehearing en banc is not an ordinary part of appellate proceedings, and thus does not justify continuing the stay.[18] But a timely petition for rehearing en banc stays the mandate of the court of appeals until disposition of the petition. *See* Fed. R. App. P. 41(d)(1). Floyd points to no cases in which a stay pending appeal was deemed satisfied before issuance of the mandate.

---

[16]   R. Doc. 151.
[17]   *Id.* at 1.
[18]   R. Doc. 151-1 at 3.

The court of appeals "retains control over an appeal until [it] issue[s] a mandate," and its decisions are not final until the mandate issues. *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467-68 (5th Cir. 2013) (internal citations and quotation marks omitted); *see also* 16AA Wright & Miller, *Federal Practice and Procedure* § 3987 (4th ed. 2018) (explaining that "[s]o long as issuance of the mandate remains stayed by a timely petition for rehearing, the case is 'pending' in the court of appeals"). Because the State's appeal remains pending before the Fifth Circuit, the stay of the Court's order granting habeas relief continues in effect.

Floyd has not shown changed circumstances that warrant vacating the stay, nor has he demonstrated that he is substantially injured by the continuation of the stay. *See Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (outlining the factors relevant to a stay pending appeal). In its June 22, 2017 order, the Court released Floyd under conditions very similar to those proposed in his motion for release.[19] If Floyd believes these conditions have become unduly restrictive, he may file a motion to modify the conditions of his release.

---

[19] R. Doc. 130 at 10-11; *see also* R. Doc. 114-1 at 9-11; R. Doc. 114-4. The Court added only two conditions not included in Floyd's motion: that Floyd not possess a firearm, destructive device, or other weapon, and that Floyd cooperate with and truthfully answer all inquiries by the Probation Office. *See* R. Doc. 130 at 10.

### III. CONCLUSION

For the foregoing reasons, Floyd's motion to dissolve the stay is DENIED.

New Orleans, Louisiana, this __16th__ day of May, 2018.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE